**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Guangzhou Xiao Ling Wan Trading Co. Ltd,

                            Plaintiff,

                -against-

Marc Jacobs Trademarks, LLC,

                    Defendant.

-------------------------------------------------------------X

**Case No.**

**COMPLAINT**

**JURY TRIAL DEMAND**

This is an action brought under the Declaratory Judgment Act by Plaintiff Guangzhou Xiao Ling Wan Trading Co., Ltd[1] (hereinafter "Plaintiff"), against Marc Jacobs Trademarks, LLC (hereinafter "Defendant"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### INTRODUCTION

1.      This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§2201 and §§2002 and the Common Law of the State of New York.

### PARTIES

2.      Plaintiff is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at No. 106 Fengze East Road, Guangzhou City, Guangdong Province, 511458.

3.      On Information and belief, Defendant is a Delaware company with its principle place of business located at 72 Spring Street, 2nd Floor, New York, NY 10012.

_____

[1] d/b/a LINGWANUS Store

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as it involves claims presenting federal questions under U.S.C.§§ 2201-2202 of the Declaratory Judgment Act

5.      This Court also has supplemental jurisdiction over the asserted common law claims pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Defendant is a resident of the forum state and maintains its principal place of business in the forum state.

**FACTUAL BACKGROUND**

**Plaintiff**

7.      Plaintiff was in the business of selling various bags, including products like handbags, tote bags, and Yoga Mat Bag.

8.      Plaintiff owns and operates an Amazon store called LINGWANUS.

9.      Plaintiff applied for its own Fancy Forest trademark on October 14, 2023. Plaintiff registered its mark under class 18. The trademark's serious number is 98224250. See Exhibit A.

10.  The Plaintiff has consistently used the brand name "Fancy Forest" on its Amazon page.

11. The brand "Fancy Forest" is prominently displayed on the Plaintiff's Amazon page,

making it clear to every customer that they are purchasing from "Fancy Forest."

**Defendant's Unlawful Conduct**

12.     For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. *See,* e.g., Emily Dayton, *Amazon Statistics You Should Know: Opportunities to Make the Most of America's Top Online Marketplace*, BigCommerce Blog (last visited December 16, 2022), https://www.bigcommerce.com/blog/amazon-statistics/("Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49% . . . that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."). Nine out of ten American consumers use Amazon to price heck products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. See Id.

13.     Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from liability for contributing to infringement.

14.     In reality, Amazon's system heavily weighted in favor of trademark owners. It is not suited to evaluating complex technical issues, and the speed, limited scope, high stakes, and inability to appeal place tremendous pressure on accused Sellers to capitulate —particularly online retailers deriving most of their revenue from Amazon sales.

15.     This system offers trademark owners like Defendant (whether he gets his trademark legally or illegally) a substantial benefit that entities typically will not get from a court, because an Amazon de-listing effectively amounts to an injunction removing the accused

product(s) from the marketplace.

16.     Defendant is taking advantage of this system so it can hurt Plaintiff's business.

17.     On October 13, 2023, Defendant filed a trademark infringement complaint to Amazon, alleging that Plaintiff's product under ASIN B0BK1M6JBQ, B0B9FDX8ZR, and B0B9G4GS4S infringed Defendant's mark 98/066,565 and 98/066,640 (collectively "Defendant's Marks"). Exhibit B.

18.     A search through USPTO reveals that Mark 98/066,565 was applied on June 30, 2023, is currently awaiting assignment to an examining attorney.  Exhibit C.

19.     Mark 98/066,565 was filed under 1(b) basis and is only for products for Wallets and Card cases.

20.     A search through USPTO reveals that Mark 98/066,640 was also applied on June 30, 2023, is currently awaiting assignment to an examining attorney. Exhibit D.

21.     Mark 98/066,640 was also filed under 1(b) basis and is only for products for Wallets and Card cases.

22.     None of the Marks claim tote bags.

23.     Defendant knows that if it applied for THE TOTE BAG for tote bags, it would get a strong genericness refusal from the USPTO.

24.     Yet Defendant still decided to use these two Pending-review Marks to file complaint against Plaintiff on Amazon, causing Amazon to delist Plaintiff's products--Tote Bags. Exhibit E.

25.     Plaintiff's products under the above three ASINs were all taken down by Amazon. Now Defendant's malicious complaint has caused Plaintiff irreparable harm.

**COUNT I**
**DECLARATORY JUDGMENT SEEKING NON-INFRINGEMENT OF TRADEMARK**

26.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

27.     As an actual justiciable controversy exists by way of the credible threat of a lawsuit and potential infringement by Plaintiff in light of the Defendant's unregisteredMarks, Plaintiff seeks relief from this Court.

28.     Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing Defendant's Pending-review Marks.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

29.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

30.     Plaintiff has a valid and existing contract with Amazon in order to sell their products through Amazon.com

31.     Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with Amazon.

32.     Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of trademark infringement against Plaintiff in order to have Plaintiff's listing removed before the upcoming Chrismas season and eliminate Plaintiff's lawful competition.

33.     As a result of Defendant's improper acts, Plaintiff's listings were removed from Amazon.

34.     Plaintiff has suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

35.     Defendant's efforts to have Plaintiff's products delisted through improper means was and is unlawful and fraudulent.

36.     As a direct result of Defendant's above-described actions, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

37.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

38.     Plaintiff's ongoing business relationship with Amazon included the selling of products now delisted as a result of Defendant's frivolous and spurious infringement complaint.

39.     Plaintiff's ongoing business relationship with Amazon includes the current sale of products that Defendant claims are infringing.

40.     Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's allegedly infringing products.

41.     Defendant intentionally and knowingly made fraudulent assertions of trademark infringement, which ultimately caused Amazon to remove Plaintiff's listing, thus denying the future and ongoing business relationship between Plaintiff with Amazon.

42.     Defendant knew that the removal of Plaintiff's product listings would harm Plaintiff's business and would benefit Defendant due to it having less competition. The Defendant intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiff's product listing.

43.     Defendant has no privilege or justification in interfering with Plaintiff's relationship with Amazon.

44.     As a result of Defendant's interference with Plaintiff's ongoing and future relationship with Amazon, Plaintiff has incurred damages and will continue to incur damages

45.     The damages to Plaintiff should its product be delisted as a result of Defendant's frivolous complaint against Plaintiff will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products

46.     The delisting of Plaintiff's ASINs would result in an immediate and ongoing detrimental impact on Plaintiff's ability to conduct business, remain profitable, and damage Plaintiff 's product's rankings and reviews, loss of Plaintiff's goodwill and reputation on the Amazon marketplace. The damage to Plaintiff should its product continue to be delisted as a result of Defendant's frivolous complaints against Plaintiff is incalculable and irreparable.

47.     As a direct result of Defendant's above-described actions, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     That this Court grant Plaintiff preliminary and permanent injunctive relief against Defendant, enjoining Defendant to notify the Amazon.com in a writing a copy of which shall be served upon Plaintiff, of Defendant's consent to the withdrawal of trademark infringement complaint of products under ASINs B0BK1M6JBQ, B0B9FDX8ZR, and B0B9G4GS4S.

2.     Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint using Defendant's unregistered marks 98/066,565 and 98/066,640 against Plaintiff and Plaintiff's product to any online market place.

3.     Declaring that Plaintiff's product does not infringe Defendant's unregistered marks 98/066,565 and 98/066,640.

4.      Judgment that this case is exceptional and that the Defendant be ordered to pay all

Plaintiff's attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

5.      Ordering Defendant to return to the Court with proof of compliance of this Order

within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

6.      Awarding to Plaintiff damages due to Defendant's improper acts, in the amount to

be determined at trial, plus costs and attorneys' fees, in accordance with New York

common law;

7.      Awarding to Plaintiff compensatory, general and special, consequential and

incidental damages in an amount to be determined at trial.

8.      Awarding to Plaintiff exemplary, punitive, statutory, and enhanced damages.

9.      Awarding pre- and post- judgment interest.

10.     Awarding Plaintiff such other and further relief as this Court deems is just and

proper.

### Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.


Dated this 10th day of November, 2023.



/s/ *Ruoting Men*
Ruoting Men, Esq.
**GLACIER LAW LLP**
41 Madision Avenue, Ste. 2529
New York, NY 10166
ruoting.men@glacier.law
332-261-8227
***Attorney for Plaintiff***